# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA,**
**Plaintiff-Respondent,**

**v.**                              **Criminal Case Number 3:10-cr-00047-TJC-MCR**
**Civil Case Number** _____

**JUAN JOSE CADENA ,**
**Defendant-Movant.**
_____/

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Name (under which you were convicted): Juan Jose Cadena

Docket or Case No.: 3:10-cr-00047-TJC-MCR

Place of Confinement: Currently in the custody of the Texas Department of Corrections, Garza East Unit, 4304 Highway 202, Beeville, TX 78102, but parole has been granted and he will be transferred to a federal prison facility within the next thirty days.

Prisoner No.: 18395-179

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the Middle District of Florida, Jacksonville Division

1

(b) Criminal docket or case number (if you know): 3:10-cr-00047-TJC-MCR

2. (a) Date of the judgment of conviction (if you know): March 7, 2013

(b) Date of sentencing: February 27, 2013

3. Length of sentence: 110 months. This Federal sentence should run consecutive to Defendant's current state sentence in Case No. 11-1320639, Harris County District Court, Houston, Texas; SUPERVISED RELEASE: 48 months; SPECIAL ASSESSMENT: $100.00.

4. Nature of crime (all counts): 21 U.S.C. § 846, Conspiracy to Distribute Marijuana.

5. (a) What was your plea? (Check one)

(1) Not guilty [  ] (2) Guilty [X] (3) Nolo contendere (no contest) [  ]

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Not Applicable (hereinafter "NA")

6. If you went to trial, what kind of trial did you have? (Check one) Jury [ ] Judge only [ ] NA

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes [  ] No [X]

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: Eleventh Circuit Court of Appeals

(b) Docket or case number (if you know): 13-11219

(c) Result: Appeal voluntarily dismissed

(d) Date of result (if you know): July 3, 2013

(e) Citation to the case (if you know): NA

(f) Grounds raised: NA

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [X]

 If "Yes," answer the following: NA

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know:

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes [  ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?

Yes [ ] No [ ]

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same

information: NA

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?

Yes [ ] No [ ]

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes [ ] No [ ]

(2) Second petition: Yes [ ] No [ ]

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**12. A.      Trial counsel was ineffective[1] (1) in failing to object to the initial presentence investigation report's ("PSR") denial of acceptance of responsibility, (2) in failing to object at the sentencing proceeding to the denial of acceptance of responsibility, and (3) in failing to object to the Government's breach of its promise in the plea agreement to  recommend acceptance of responsibility.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Government drafted a proposed plea agreement in this case and tendered it to counsel for Cadena for Cadena to sign.   The plea agreement contained a provision under which the Government agreed to recommend a two level reduction for acceptance of responsibility.   The initial PSR proposed that Cadena would receive no reduction for acceptance of responsibility.   Neither Cadena nor the Government objected to the PSR.   At sentencing neither Cadena's counsel nor the Government advocated for acceptance of responsibility.   Cadena's counsel also failed to object to the Government's breach of its obligation under the plea agreement to recommend acceptance of responsibility.

(b) Direct Appeal of Ground 12A:

(1) If you appealed from the judgment of conviction, did you raise this issue?

---

[1] As used herein references to Vargas's counsel being "ineffective" is meant to state a claim of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution.

Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims are not cognizable on direct appeal but must be raised in a petition under 28 U.S.C. § 2255.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [ ] NA

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: NA

**12. B.**         **Trial counsel was ineffective in not reviewing the discovery with Vargas so as to confirm to Vargas's satisfaction that the Government could readily prove that all of the marijuana set forth in the factual basis could be attributable to him.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Vargas's counsel was a Texas lawyer whose office was in Houston, Texas.  He never met with Vargas to review the discovery in the case before Vargas signed the plea agreement.

(b) Direct Appeal of Ground 12B:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why:  Ineffective assistance of counsel claims are not cognizable on direct appeal but must be raised in a petition under 28 U.S.C. § 2255.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [] NA

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did

not appeal or raise this issue: NA

12. C.     **The Government denied Vargas due process of law by failing to perform as it had agreed under the plea agreement by failing to advocate for acceptance of responsibility at sentencing.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Government drafted a plea agreement, which Vargas accepted, in which the Government obligated itself to recommend a two level downward guideline adjustment for acceptance of responsibility.  The Government failed to do so, both in response to a contrary PSR and at sentencing.

(b) Direct Appeal of Ground 12C:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel did not preserve the issue for appeal by a timely and specific objection.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [] NA

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did

not appeal or raise this issue: NA

13. Is there any ground in this motion that you have not previously presented in some

federal court? If so, which ground or grounds have not been presented, and state your

reasons for not presenting them:  None of the above grounds have previously been

presented and all are grounds that are cognizable in collateral attack and not on direct appeal.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: NA

(b) At arraignment: NA

(c) At plea and sentencing: Baltazar Salazar, Esq., Law Office of Baltazar Salazar 8814 Brae Acres, Houston, TX 77004, 713/655-1300, Fax: 281/749-8104, Email: balsalazar@sbcglobal.net

(d) On appeal: William Mallory Kent, 1932 Perry Place, Jacksonville, Florida 32207, 904-398-8000, kent@williamkent.com

(f) In this post-conviction proceeding: William Mallory Kent, 1932 Perry Place, Jacksonville, Florida, 32207, 904-398-8000, kent@williamkent.com

(g) On appeal from any ruling against you in a post-conviction proceeding: NA

16. Were you sentenced on more than one count of an indictment, or on more than

one indictment, in the same court and at the same time? Yes [ ] No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ] NA

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* NA  - This petition is timely.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

To vacate his conviction and sentence, and if summary relief is not granted to set the

matter for an evidentiary hearing upon due notice, or any other relief to which movant

may be entitled.

Signature of Attorney (if any)

> Respectfully submitted,
>
>   s/ William Mallory Kent
> WILLIAM MALLORY KENT
> The Law Office of William Mallory Kent
> 1932 Perry Place
> Jacksonville, Florida 32207
> 904-398-8000 TELEPHONE
> 904-348-3124 FAX
> kent@williamkent.com Email

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was executed (signed) on

_____ , 2014 (date).

_____
JUAN JOSE CADENA

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.[2]

---

[2] A duplicate counterpart has been mailed to Cadena at Garza East Prison, Beeville, Texas for his signature and will be promptly filed upon its return. Counsel met with Cadena in person in Beeville, Texas and went over the facts and grounds to be asserted prior to signing and filing this petition on his behalf.

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Julie Hackenberry at julie.hackenberry@usdoj.gov.

s/William Mallory Kent
William Mallory Kent
